IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GEORGE TRICE,
    Petitioner,

vs.                                     Case No.: 3:13cv30/MCR/EMT

MICHAEL D. CREWS,
    Respondent.
_____/

# REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1). Respondent filed an answer and relevant portions of the state court record (doc. 9). Petitioner filed a reply (doc. 11).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.     BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are established by the state court record submitted with Respondent's answer (doc. 9). Petitioner's history with the Florida Department of Corrections ("FDOC") began with his commitment to the FDOC on July 31, 1996, pursuant to a judgment and sentence entered by the Circuit Court in and for Orange County, Florida,

Case No. 95-CR-13811 (doc. 9 at 31–37).[1] Petitioner was adjudicated guilty of robbery with a firearm or destructive device, based upon offense conduct that occurred on September 22, 1995 (*id.* at 29–37). The court sentenced him as a habitual felony offender to a term of sixteen (16) years of imprisonment, with a 3-year minimum mandatory and with pre-sentence jail credit of 207 days (*id.*). Petitioner was subsequently granted additional sentence credit of 32 days (*id.* at 42).

On December 7, 2006, the Florida Parole Commission ("FPC") issued an order that Petitioner be released onto conditional release supervision until November 17, 2011, upon expiration of the maximum period for which he was sentenced (doc. 9 at 43–47). On June 6, 2007, the FPC issued a warrant for Petitioner's arrest for violating the conditions of his supervision (*id.* at 48–49). Following a revocation hearing, the parole examiner found Petitioner guilty of wilfully and substantially violating the terms and conditions of his conditional release and recommended that his supervision be revoked (*see id.* at 50–51). On December 8, 2010, the FPC revoked Petitioner's conditional release, effective September 7, 2010 (*id.*). The FPC ordered Petitioner returned to FDOC custody and denied Petitioner credit for time spent on conditional release, but granted him pre-hearing jail credit for the period September 29, 2007 to December 20, 2007 (*id.*). Upon Petitioner's return to the FDOC, the FDOC forfeited 1,806 days of gain-time Petitioner had earned prior to his release on conditional release supervision (*id.* at 24–26).

On December 14, 2011, Petitioner filed a petition for writ of habeas corpus in the Florida First District Court of Appeal ("First DCA"), which the First DCA transferred to Circuit Court in and for Santa Rosa County, Case No. 2011-CA-1205 (doc. 9 at 52–71). Petitioner challenged the FDOC's forfeiture of his gain-time and the FPC's failure to award credit for the four years spent on conditional release supervision (*id.*). On April 9, 2012, the state circuit court denied the petition (*id.* at 72–74). Petitioner sought certiorari review in the First DCA, Case No. 1D12-2286 (*id.* at 75–84). The First DCA denied the petition on the merits on October 24, 2012, and denied Petitioner's motion for rehearing on December 7, 2012 (*id.* at 134). <u>Trice v. Tucker</u>, 103 So. 3d 152 (Fla. 1st DCA 2012) (unpublished).

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system.

Petitioner filed the instant federal habeas action on January 16, 2013 (doc. 1). He raises the following claims:

> Ground one: Dept. of Corr. was not permitted to require an inmate to serve more incarceration time than imposed by courts. Petitioner was sentenced to 16 yrs. from 1995–2011. On Nov. 17, 2011, 16-yr. sentence was to expire. On Dec. 7, 2006, Petitioner was released and placed on conditional release supervision until Nov. 17, 2011. In Sept. 2010, Petitioner's supervision was revoked for violation of conditional release. No new charges. Petitioner received a forfeiture of 1,806 days and sentence was extended beyond 16 yrs. Time for sentence has expired and passed.
>
> Ground two: Dept. of Corr. violates the separation of powers doctrine when it refuses to carry out the sentence imposed by the courts. See Art. 1 § 18, Fla. Const. No administration [sic] agency shall impose a sentence of imprisonment, nor shall it impose any other penalty except as provided by law. Clearly Petitioner [sic] sentence has been altered and affected by this miscarriage of justice.
>
> Ground three: Petitioner claims DOC improperly calculated his sentence and has allegedly transformed his sentence. Petitioner claims DOC used accrued gain-time which DOC forfeited to establish Petitioner's new release date. Petitioner's sentence has thwart [sic] the maximum term of the sentence and exceeded the original maximum term.
>
> Ground four: Petitioner has clearly proven his sentence and conditional release supervision has expired November 17, 2011. In this case DOC has caused an error and failed to acknowledge that Petitioner is entitled to immediate release. Beyond the 16-yr term, Petitioner is still being deprived of liberty.
>
> Ground five: Petitioner claims he is currently now being deprived of liberty, and has been deprived of all compensated worked and earned gain time received prior to this technical violation, plus 4 years of good compliance of conditional release with no acknowledgment by this Department while serving this commitment. Prior to this decision by the Department of Correction [sic], Petitioner had worked and received 1,806 days of compensated gain time awards with no behavioral reports. Note: these awards were accumulated prior to Petitioner receiving conditional release and before being revoked for technical violation.
>
> Ground six: Petitioner claims he did not sign nor was made aware of an agreement upon receiving conditional release, that his court ordered 16 year sentence would be tolled, altered, or stop running, upon accepting conditional release, and that a technical violation four years after his release would change his entire sentence. This brings into question the power of the Florida Dept. of Corrections v. [sic] the legal court judicial system.

(doc. 1 at 4–6). Petitioner seeks restoration of 1,806 days of gain-time, credit for time spent on conditional release supervision, and immediate release (*id.* at 7–8). Respondent does not assert a statute of limitations or exhaustion defense (doc. 9 at 6–7).

II.  STANDARD OF REVIEW

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States. As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Pub.L. 104-132, § 104, 110 Stat. 1214, 1218–19. In relevant part, section 2254(d) now provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254 (2002).

The United States Supreme Court explained the framework for § 2254 review in <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[2] The appropriate test was described by Justice O'Connor as follows:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied—the state court adjudication

---

[2] Unless otherwise noted, references to <u>Williams</u> are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367–75, 390–99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and—except as to the footnote—Scalia) in part II (529 U.S. at 403–13). The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

> resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412–13 (O'Connor, J., concurring); Ramdass v. Angelone, 530 U.S. 156, 120 S. Ct. 2113, 2119–20, 147 L. Ed. 2d 125 (2000). In employing this test, the Supreme Court has instructed that on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal State court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." Lockyer v. Andrade, 538 U.S. 63, 71–72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The law is "clearly established" if Supreme Court precedent at the time "would have compelled a particular result in the case." Neelley v. Nagle, 138 F.3d 917, 923 (11th Cir. 1998), *overruled on other grounds by* Parker v. Head, 244 F.3d 813, 835 (11th Cir. 2001).

Next, the court must determine whether the State court adjudication is contrary to the clearly established Supreme Court case law, either because "'the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or because 'the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'" Lockyer, 538 U.S. at 73 (quoting Williams, 529 U.S. at 405–06). The Supreme Court has clarified that "[a]voiding these pitfalls does not require citation to our cases—indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362, 365, 154 L. Ed. 2d 263 (2002) (quoting Williams, 529 U.S. at 405–06). If the State court decision is found in either respect to be contrary, the district court must independently consider the merits of the petitioner's claim.

Case No.: 3:13cv30/MCR/EMT

If on the other hand, the State court applied the correct Supreme Court precedent and the facts of the Supreme Court cases and the petitioner's case are not materially indistinguishable, the court must go to the third step and determine whether the State court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 409. Whether a State court's decision was an unreasonable application of a legal principle must be assessed in light of the record the court had before it. Holland v. Jackson, 542 U.S. 649, 652, 124 S. Ct. 2736, 2737–38, 159 L. Ed. 2d 683 (2004) (per curiam); *cf.* Bell v. Cone, 535 U.S. 685, 697 n.4, 122 S. Ct. 1843, 1851 n.4, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law). An objectively unreasonable application of federal law occurs when the State court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001). "In determining whether a state court's decision represents an unreasonable application of clearly established federal law, a federal court conducting habeas review 'may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.'" Gill v. Mecusker, 633 F.3d 1272, 1287 (11th Cir. 2011) (quoting Williams, 529 U.S. at 411) (citing Harrington v. Richter, 562 U.S. —, 131 S. Ct. 770, 786–87, 178 L. Ed. 2d 624 (2011)). The AEDPA's "unreasonable application" standard focuses on the state court's ultimate conclusion, not the reasoning that led to it. *See* Gill, *supra* at 1291 (citing Harrington, 131 S. Ct. at 786). Under § 2254(d), a habeas court must determine what arguments or theories supported or could have supported the state court's decision, and then ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. *See* Harrington, 131 S. Ct. at 786; *see also* Gill, *supra,* at 1292 (the federal district court may rely on grounds other than those articulated by the state court in determining that habeas relief was not warranted, so long as the district court did not err in

concluding that the state court's rejection of the petitioner's claims was neither an unreasonable application of a Supreme Court holding nor an unreasonable determination of the facts).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in State court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has clarified that: "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 931 (2003) (dictum).

When performing its review under § 2254(d), the federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see e.g.* Miller-El, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence"); Jones v. Walker, 469 F.3d 1216, 1226–27 (11th Cir. 2007) (holding that § 2254(d)(2)'s "unreasonable determination" standard "must be met by clear and convincing evidence," and concluding that that standard was satisfied where prisoner showed "clearly and convincingly" that the state court's decision "contain[ed] an 'unreasonable determination' of fact."). The "unreasonable determination of the facts" standard is only implicated to the extent that the validity of the state court's ultimate conclusion is premised on unreasonable fact finding. *See* Gill, 633 F.3d at 1292. A petitioner is not entitled to relief unless he demonstrates by clear and convincing evidence that the record reflects an insufficient factual basis for affirming the state court's decision. *Id.*

Only if the federal habeas court finds that the petitioner satisfied AEDPA, and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See* Panetti v. Quarterman, 531 U.S. 930, 953, 127 S. Ct. 2842, 2858, 168 L. Ed. 2d 662 (2007); Jones, 469 F.3d 1216 (same). The writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).

Within this framework, the court will review Petitioner's claims.

III.    PETITIONER'S CLAIMS

As previously discussed, Petitioner contends the FDOC is requiring him to serve a longer sentence than that imposed by the state sentencing court by (1) forfeiting, upon revocation of his controlled release supervision and return to FDOC custody, all gain-time he had earned prior to his release on conditional release supervision, and (2) failing to award him credit for time spent on conditional release supervision (doc. 1 at 4–6). He argues the FDOC's gain-time forfeiture and the FPC's failure to award credit for time spent on conditional release supervision violates the separation of powers doctrine (*id.*).

Respondent contends Petitioner's claims are not cognizable on federal habeas, because they involve matters of purely state law (doc. 9 at 12–20). Respondent argues that the state courts reviewed the merits of Petitioner's state law claims and determined that the FDOC properly applied Florida's state gain-time statutes, specifically, Florida Statutes §§ 944.28(1) and 947.141(6), and the FPC properly denied Petitioner credit for time spent on conditional release supervision (*id.*). Therefore, Petitioner failed to demonstrate he is entitled to federal habeas relief (*id.*).

In Petitioner's reply brief, he argues the FDOC's gain-time forfeiture violates his substantive due process rights, because it extends the sentence imposed by the sentencing court (doc. 11). He contends the Supreme Court decision of Hill v. U.S. ex rel Wampler, 298 U.S. 460 (1936), established that a clerk of court does not have power to alter the sentence imposed by a court Applying this principle to his case, he contends the FDOC, an administrative agency, does not have power to extend his sentence beyond the term imposed by the sentencing court (*id.* at 6–8, 14–16).

As previously discussed, in state court, Petitioner presented the arguments he presents here (doc. 9 at 52–71, 75–84). The state circuit court determined that under Florida law, the FDOC had authority to forfeit Petitioner's gain-time following the FPC's revocation of his conditional release supervision (*id.* at 72–73) (citing Forbes v. Singletary, 684 So. 2d 173 (Fla. 1996) and Florida Statutes § 944.28(1)).[3] Petitioner sought review of the decision by filing a petition for writ of

---

[3] In his petition to the state circuit court, Petitioner also presented a double jeopardy challenge to the FDOC's forfeiture of his gain-time, which is not a claim he presents in his federal petition. Therefore, the undersigned will not address the state court's adjudication of the double jeopardy claim.

Case No.: 3:13cv30/MCR/EMT

certiorari in the First DCA (*id.* at 75–83). The First DCA denied the petition on the merits, with no further discussion (*id.* at 133).

Initially, despite the First DCA's rejection of Petitioner's claims without discussion, that court's decision constituted an adjudication on the merits for purposes of § 2254(d). Section 2254(d) does not require a state court to give reasons before its decision can be deemed to have been "adjudicated on the merits." *See* Harrington, 131 S. Ct. at 784. When a state court issues an order that summarily rejects without discussion all the claims raised by a defendant, including a federal claim that the defendant subsequently presses in a federal habeas proceeding, the federal habeas court must presume (subject to rebuttal) that the federal claim was adjudicated on the merits in the absence of any indication or state-law procedural principles to the contrary. *Id.* at 784–85. The presumption may be overcome when there is a reason to think some other explanation for the state court's decision is more likely. *Id.* at 785. In the instant case, there has been no showing that the First DCA rejected Petitioner's claim on a state law procedural principle. Therefore, the undersigned concludes the First DCA's decision constituted an adjudication on the merits.

The state court's rejection of Petitioner's separation of powers argument was not contrary to or an unreasonable application of clearly established federal law. The "provisions of the federal constitution which delineate the powers of the three branches of the federal government have no application to the balance of powers in Florida's system of government, which is established in the state constitution." Pacheco v. Dugger, 850 F.2d 1493 (11th Cir. 1988) (denying separation of powers claim); *see also* Internat'l Brotherhood of Teamsters v. Hank, 339 U.S. 470, 70 S. Ct. 773, 94 L. Ed. 995 (1950) ("The Fourteenth Amendment leaves the states free to distribute the powers of government as they will between their legislative and judicial branches."). Thus, Petitioner's separation of powers argument is purely a matter of state law. It is well established that federal habeas relief is available to correct only constitutional injury. 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67–68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) (errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief); Wainwright v. Goode, 464 U.S. 78, 104 S. Ct. 378, 78 L. Ed. 2d 187 (1983); Barclay v. Florida, 463 U.S. 939, 958–59, 103 S. Ct. 3418, 3429, 77 L. Ed. 2d 1134 (1983) ("Mere errors of state law are not the concern of this court . . . unless they rise for some other reason to the level of a denial of rights protected by the United

States Constitution.") (citations omitted); Engle v. Isaac, 456 U.S. 107, 102 S. Ct. 2976, 73 L. Ed. 2d 1361 (1981); Carrizales v. Wainwright, 699 F.2d 1053 (11th Cir. 1983). Questions of state law "rarely raise issues of federal constitutional significance. [A] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." Tejada v. Dugger, 941 F.2d 1551 (11th Cir. 1991) (quoting Carrizales, *supra*). Because Petitioner's separation of powers argument has no basis in federal law, it is not cognizable on federal habeas review.

Even if Petitioner's separation of powers argument was cognizable, he failed to demonstrate the state court's adjudication of the claim was contrary to or an unreasonable application of clearly established federal law. Petitioner argues Wampler clearly establishes that a sentence may not be increased by "administrative amendment" (doc. 11 at 6–8). In Wampler, the defendant was convicted in United States District Court for the District of Maryland of two counts of attempting to evade and defeat payment of his federal income taxes. 298 U.S. 460, 461, 56 S. Ct. 760, 80 L. Ed. 1283 (1936). The district court pronounced the following sentence:

> Fine five thousand dollars and eighteen months in penitentiary on each count of the indictment, said terms of imprisonment to be computed as beginning this 28th day of December 1933; fines to be cumulative and terms of imprisonment to run concurrently and that traverser pay costs of proceedings.

*Id.* The same day the clerk of the court issued and forwarded to the United States Northeastern Penitentiary a commitment in which the judgment was set out as follows:

> That the traverser pay a fine of Five Thousand Dollars and be imprisoned in the United States Northeastern Penitentiary at Lewisburg, Pennsylvania, for eighteen months on each count of the indictment; said term of imprisonment to be computed as beginning this 28th day of December 1933; the fines to be cumulative and the terms of imprisonment to run concurrently; and that the traverser pay the costs of prosecution; <u>and in default of payment of said fines and costs, he stand further committed until the payment of said fines and costs or until discharged by due process of law</u>.

*Id.* at 461–62 (emphasis added). When Defendant Wampler's eighteen-month prison term expired, he filed a federal habeas petition arguing that the provision emphasized above was inserted by the clerk and not part of the sentence imposed by the court; therefore, his continued detention was unlawful. *Id.* at 462–63. The district court granted relief, and the Circuit Court of Appeals for the Third Circuit requested instructions from the United States Supreme Court regarding whether the

provision inserted by the clerk in the commitment order, but not included in the sentence pronounced by the court, was void. *Id.* at 463. The Supreme Court determined that where a statute commits to the discretion of the sentencing court the choice of including in the sentence a provision directing that the defendant be imprisoned until the fine is paid, and the court does not include such a provision in the sentence, a commitment order including such a provision is void. *Id.* at 463–65.

In the instant case, Florida's conditional release statute specifically provides for forfeiture of all gain-time "earned up to the date of release," *see* Fla. Stat. § 947.141(6); further, prior to Petitioner's commission of the crimes in the instant case, Florida's gain-time forfeiture statute was amended to allow the FDOC to forfeit, without notice or hearing, in the case of a prisoner whose conditional release was revoked, all gain-time earned before his conditional release. *See* Fla. Stat. § 944.28(1) (1988). Therefore, the FDOC had statutory authority to forfeit Petitioner's gain-time upon revocation of his conditional release. *See* <u>Duncan v. Moore</u>, 754 So. 2d 708 (Fla. 2000); <u>Dowdy v. Singletary</u>, 704 So. 2d 1052, 1053–54 (Fla. 1998). Additionally, the FPC has broad authority, under Fla. Stat. §§ 947.1405, 944.291(2), and 947.141, to either grant or deny a conditional releasee credit for time spent on conditional release when that release is revoked due to violation of terms and conditions of release.[4] *See* <u>Thomas v. Moore</u>, 797 So. 2d 1196 (Fla. 2001) (affirming that the FPC

---

[4] Section 947.1405, provides in pertinent part:

> (2) Any inmate who is convicted of a crime committed on or after October 1, 1988, which crime is contained in category 1, category 2, category 3, or category 4 of Rule 3.701 and Rule 3.988, Florida Rules of Criminal Procedure, and who has served at least one prior felony commitment at a state or federal correctional institution or is sentenced as a habitual or violent habitual offender pursuant to s. 775.084 shall, upon reaching the tentative release date or provisional release date, whichever is earlier, as established by the Department of Corrections, be released under supervision . . . .

Fla. Stat. § 947.1405(2).

Section 944.291(2), provides in pertinent part:

> Any prisoner who is convicted of a crime committed on or after October 1, 1988, which crime is contained in category 1, category 2, category 3, or category 4 of Rule 3.701 and Rule 3.988, Florida Rules of Criminal Procedure, and who has served at least one prior felony commitment at a state or federal correctional institution, or is sentenced as a habitual or violent habitual offender pursuant to s. 775.084, may only be released under conditional release supervision as described in chapter 947.

has authority to grant or deny credit for "out time," and stating, "Time spent out of prison while under supervision should only be credited toward service of the prison sentence when the supervisory period is successfully completed."); Rivera v. Singletary, 708 So. 2d 326, 327 (Fla. 1998) (FPC has broad authority, under §§ 947.1405, 944.291(2), and 947.141, to either grant or deny releasee credit for time spent on conditional release when that release is revoked); Hull v. Moore, 790 So. 2d 560 (Fla. 1st DCA 2001). Because the FDOC and the FPC were statutorily authorized to forfeit gain-time and refuse to award credit for time spent on supervision, respectively, Wampler does not provide Petitioner relief.

Additionally, conditional release is not a form of sentence; it is an additional post-prison supervision program for certain types of offenders that the legislature determined to be in need of further supervision after release, for example, habitual felony offenders such as Petitioner. *See* Evans v. Singletary, 737 So. 2d 505, 507 (Fla. 1999); Rivera, 708 So. 2d at 327. In other words, when an inmate is released due to gain-time from a sentence that is eligible for conditional release, instead of going free as other offenders would do (unless they have probation or some other supervision to follow), these offenders are placed on supervision for the amount of time equal to the gain-time they have accrued. Evans, *supra*. If they violate their supervision, gain-time is forfeited and the inmate is returned to prison to continue serving the sentence(s). *Id*. (citing Fla. Stat. § 947.1405(2)); Fla. Stat. § 947.141(6) (whenever a releasee's conditional release supervision is revoked and the releasee is ordered to be returned to prison, the releasee, by reason of the misconduct, is deemed to have forfeited all gain-time earned up to the date of release on supervision). Although §§ 947.1405 and 947.141 may

---

Fla. Stat. § 944.291(2).

    Section 947.141(3), provides:

    Within a reasonable time following the hearing, the commissioner or his duly authorized representative who conducted the hearing shall make findings of fact in regard to the alleged violation. A majority of the commission shall enter an order determining whether the charge of violation of conditional release has been sustained based upon the findings of fact presented by the hearing commissioner or authorized representative. *By such order, the panel shall revoke conditional release and thereby return the releasee to prison to serve the sentence imposed upon him, reinstate the original order granting conditional release, or enter such other order as it considers proper.*

Fla. Stat. § 947.141(3) (emphasis added).

Case No.: 3:13cv30/MCR/EMT

impose an undesirable condition upon the release of those subject to the statutory requirements by converting gain-time into post-release supervision, neither gain-time nor conditional release is a true part of a criminal sentence and does not impose an enhanced criminal penalty or sentence. *See* Mayes v. Moore, 827 So. 2d 967, 971 (Fla. 2002). Further, because conditional release is not a true part of a criminal sentence, a releasee is not automatically entitled to credit on his prison sentence for time spent on conditional release supervision. Moreover, in forfeiting previously earned gain-time or failing to award credit for time spent on conditional release supervision, neither the FDOC nor the FPC imposes a new sentence; rather, they require a defendant to serve the remainder of the sentence previously imposed by a court. *See* Barber v. State, 988 So. 2d 1170, 1179 (Fla. 4th DCA 2008). Therefore, Petitioner failed to demonstrate that the First DCA's adjudication of his separation of powers claim was contrary to or an unreasonable application of clearly established federal law.

Petitioner also failed to show he is entitled to habeas relief on his due process challenge to the FDOC's forfeiture of his gain-time credits and the FPC's failure to grant credit for time spent on conditional release supervision. In Swarthout v. Cooke, — U.S. —, 131 S. Ct. 859, 861, 178 L. Ed. 2d 732 (2011), the United States Supreme Court reiterated the clearly established federal law governing claims asserted under the Due Process Clause: "[S]tandard analysis under [the Due Process Clause] proceeds in two steps: We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient." *Id.*, 131 S. Ct. at 861 (citing Ken. Dep't of Corr. v. Thompson, 490 U.S. 454, 460, 109 S. Ct. 1904, 104 L. Ed. 2d 506 (1989)). Under Florida's statutory scheme, a conditional releasee's retention of gain-time is dependent not only upon satisfactory behavior while in prison but also upon satisfactory behavior while under supervision after release. Petitioner thus had only a conditional interest in the 1,806 days of gain-time credit upon his release on conditional release supervision. *See* Duncan, 754 So. 2d at 710, 713; Reed v. Crews, No. 5:10cv264/MW/CJK, 2013 WL 1200329, at *11 (N.D. Fla. Mar. 7, 2013), *Report and Recommendation Adopted*, 2013 WL 1200325 (N.D. Fla. Mar. 25, 2013) (unpublished); Logan v. McNeil, No. 5:06cv10/SPM/EMT, 2009 WL 595922, at *7 (N.D. Fla. Mar. 6, 2009) (unpublished). Petitioner did not have a vested liberty interest in his gain-time; he could retain his gain-time only if he complied with the conditions under which it was given. The undersigned is aware of no Supreme Court case holding that a defendant

released under a state's post-prison supervision program like Florida's conditional release program has a vested liberty interest in gain-time earned prior to his release on supervision. Therefore, Petitioner failed to demonstrate that the state court's rejection of his due process claim was contrary to or an unreasonable application of clearly established federal law.[5]

Moreover, Petitioner's original sentence was not increased as a result of the FDOC's forfeiture of his gain-time, or the FPC's failure to award credit for time spent on conditional release supervision. At the time Petitioner was released on conditional release on December 7, 2006, he had actually served only 4,034 days (3,795 days of time served plus 239 days of pre-sentence jail credit) of the 5,840-day (16-year) sentence originally imposed by the sentencing court in 1996. Through the benefit of gain-time, Petitioner was released 1,806 days early to begin a term of conditional release supervision. After the revocation of his supervision, Petitioner was simply required to serve the remaining 1,806 days of his original sixteen-year sentence, less 83 days of credit authorized by the FPC. Therefore, the FDOC did not increase his sentence beyond the original sentence. *See, e.g.*, Reed, 2013 WL 1200329, at *10; Logan, 2009 WL 595922, at *4–8; Trotter v. McDonough, No. 3:06cv129/RV/EMT, 2007 WL 1655440, at *8–9 (N.D. Fla. June 5, 2007) (unpublished).

IV. CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542

---

[5] While the Eleventh Circuit has not decided whether a State's forfeiture of an inmate's gain-time once a prisoner's release is revoked because of a violation of its conditions violates federal law, the Eleventh Circuit has rejected this argument in the context of federal parole. *See* Lambert v. Warden, U.S. Penitentiary, 591 F.2d 4, 8 (5th Cir. 1979) (concluding it is well-settled that once a federal prisoner's release is revoked because of a violation of its conditions, the parole commission "ha[s] the authority to forfeit the [prisoner]'s good-time credit as well as credit for time spent on conditional release"). Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981 are binding as precedent on the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

(2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That the petition for writ of habeas corpus (doc. 1) be **DENIED**.

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 3rd day of July 2013.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**